IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 02-00669-01 |
| vs. | : |
| CHADWICK ALLEN HARP | : |

DEFENDANT, CHADWICK HARP'S MOTION
TO TERMINATE SUPERVISED RELEASE

Defendant, Chadwick Allen Harp, by and through his attorney, Joseph C. Santaguida, respectfully requests that this Honorable Court terminate the remainder of his Supervised Release term imposed at his sentencing hearing, and in support thereof avers the following:

1. On or about April 28, 2005, Defendant, Chadwick Harp, commenced his three (3) year term of supervised release.

2. Mr. Harp has completed two years of Supervised Release to date, which means that pursuant to Title 18, Section 3583(e)(1) he has been eligible for early termination for one year.

3. Mr. Harp has maintained full employment since his release from custody without interruption. He is currently the owner of a small business.

4. The United States Probation Office has indicated its desire to further regulate the employment of Mr. Harp.

5. Since January of 2006, Mr. Harp has been, and continues to be a legitimate business owner who operates a legal document and tax return preparation service in Roxborough, PA. Neither the preparation of tax returns nor the preparation of legal documents requires a license or formal education and, as a result, many untrained individuals operate such businesses - either

as franchises or individually - throughout the United States. Some of the more familiar franchises include We The People and Legal Express in the legal document preparation business arena and H&R Block and Jackson Hewitt in tax return preparation. Of course there are thousands of individuals who, like Mr. Harp, provide such services as well. Some, like Mr. Harp, are members of the National Association of Legal Document Preparers, Inc.

6. There have been no complaints, formal or otherwise, about the business which Mr. Harp operates. The only concern of the United States Probation Office is its ability to monitor the activities of Mr. Harp.

7. Mr. Harp lives with his parents, which is where he has lived since his release from custody.

8. Mr. Harp spent his entire Pre-Trial Supervision, period of incarceration, and Supervised Release without incidence.

9. Mr. Harp's work ethic, family support, education, and responsibilities preclude the occurrence of any improper conduct in the future.

10. The termination of Mr. Harp's Supervised Release will resolve the concerns regarding monitoring raised by the United States Probation Office. There is no reason not to terminate Mr. Harp's Supervised Release at this time. He has successfully completed two-thirds of his Supervised Release. He is a productive member of society. By restricting his employment this far along into his Supervised Release, the Probation Office will effectively put him out of business, place him out of work, and make him unemployable.

11. Further, preventing Mr. Harp from pursuing this legal business endeavor would place an undue and unreasonable burden on him. In the past two years, Mr. Harp has built up this business and earned a clientele. It seems to make little sense to bar Mr. Harp from keeping his

business, during the last twelve months of his Supervised Release, after he has been successful with the business over the past two years, only to force him to re-institute the business at the conclusion of his Supervised Release. And, if he were to re-institute the business at the end of the last twelve months of Supervised Release, he will have to start over, having lost all his current clients.

     12. The Probation Office's desire to regulate Mr. Harp's employment this far into his Supervised Release would appear to be nothing more than a counter-productive effort by an office which, it would seem, should be encouraging productive conduct from those it monitors.

     WHEREFORE, Chadwick Harp respectfully requests that this Honorable Court will, pursuant to the Federal Rules of Criminal Procedure, and after having considered the factors set forth in Section 3553(a)(1), (a)(2)(b), (a)(2)©), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), issue an Order Terminating the remaining term of his Supervised Release and discharge him as released.

                                                        Respectfully submitted,

                                                        _____
                                                        JOSEPH C. SANTAGUIDA, ESQUIRE
                                                        121 South Broad Street, 2nd Floor
                                                        Philadelphia, PA 19107
                                                         (215) 893-0900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL NO. 02-00669-01
:
vs. :
:
CHADWICK ALLEN HARP :

O R D E R

AND NOW, this _____ day of _____, 2007, upon consideration of Chadwick Allen Harp's Motion to Terminate Supervised Release, it is hereby ORDERED and DECREED that said Motion is GRANTED. Chadwick Allen Harp's Supervised Release in this action is hereby TERMINATED and he is now RELEASED from the remaining terms and conditions of his Supervised Release.

BY THE COURT:

_____
J.

CERTIFICATE OF SERVICE

      I, Joseph C. Santaguida, Esquire, hereby certify that I did serve a true and correct copy of the within Motion to Terminate Supervised Release upon the following:

      Richard Zack, AUSA
United States Attorney's Office
Suite 1250
615 Chestnut Street
Philadelphia, PA 19106

      _____
JOSEPH C. SANTAGUIDA, ESQUIRE
121 South Broad Street, 2nd Floor
Philadelphia, PA 19107
(215) 893-0900

5/9/07